IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID BIREN, on behalf of himself and all others similarly situated, c/o Spangenberg Shibley & Liber, LLP 1001 Lakeside Avenue \| Suite 1700 Cleveland, Ohio 44114<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, c/o CSC – Lawyers Incorporating Service 50 West Broad Street \| Suite 1800 Columbus, Ohio 43215<br><br>Defendant. | CASE NO. _____<br><br><br><br>CLASS-ACTION COMPLAINT<br><br>JURY DEMAND ENDORSED HEREON |

## CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff, David Biren, individually and on behalf of all others similarly situated, files this Class Action Complaint against Safeco Insurance Company of Illinois ("Safeco" or "Defendant") and in support states as follows:

### NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff David Biren who was the named insured under a Safeco Insurance Company of Illinois automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2. Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for Safeco's promises under its automobile policy.

3. Nevertheless, Safeco failed to include sales tax in making its loss payment to Class Members in breach of its clear policy promise.

4. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Safeco's failure to pay sales tax.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (a) Plaintiff is a member of the putative class, which consists of at least 100 members; (b) Plaintiff is an Ohio citizen and Defendant is an Illinois citizen; and (c) the amount-in-controversy exceeds the sum of $5 million exclusive of interest and costs.

6. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and Defendant is subject to personal jurisdiction here.

## THE PARTIES

7. At all times material hereto, Plaintiff David Biren is and was a citizen of the State of Ohio and domiciled in Hamilton County.

8. At all times material hereto, Defendant is and was a corporation located in the State of Illinois and authorized to transact insurance in the State of Ohio and conducting a substantial part of its business in Hamilton County. Defendant's principal place of business and headquarters are both located in the State of Illinois.

## SAFECO POLICY

9. The Form Policy issued by Safeco to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the Policy Form issued to Mr. Biren

(the "Policy"). The terms therein are applicable and identical to the terms applicable to Mr. Biren and all putative class members. *See* **Exhibit A.**

10. In its standardized Policy, Defendant promises to pay for "direct and accidental loss" to a covered auto. *Id*. at 13.

11. In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "we may pay for loss in money or repair or replace the damaged or stolen property." *Id.* at 17.

12. Defendant further promises "[i]f we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." *Id.*

## PLAINTIFF DAVID BIREN'S ACCIDENT

13. At all times material hereto, Plaintiff insured a 2005 Honda Odyssey Touring under the Policy issued by Safeco.

14. On or about May 17, 2016, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with Safeco.

15. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle value of $7,692.00 and an adjusted vehicle value of $6,767.00. **Exhibit B** (Valuation Report).

16. Safeco calculates the base and adjusted value through a third-party vendor ("CCC"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, CCC identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Ex. B.

17. CCC calculated that the sales tax on the adjusted vehicle value was $473.69. *Id*. at 1.

18. However, Safeco *removed* sales tax when making payment. Instead, Safeco paid only the adjusted vehicle value of $6,767.00, added $15.00 for applicable taxes/fees, and subtracted the deductible of $500.00 for a total payment of $6,282.00. By failing to include sales tax in making payment for the loss, Safeco breached its contract with Plaintiff. **Exhibit C** (Settlement Letter).

19. Nothing in the Policy unambiguously excludes sales tax or contradicts Defendant's promise to pay sales tax where it pays for the loss in money. To the extent the applicable limitation on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

20. Similarly, Safeco failed to pay sales tax to all members of the Class, defined below, and thus breached its contract with all such Class Members.

## CLASS ALLEGATIONS

21. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action as representative of the Class defined as follows:

> All Ohio insureds, under a policy issued by Safeco covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations period time-through the date of the certification Order, submitted a first-party property damage claim determined by Safeco to constitute a covered loss claim and where the loss claim payment did not include sales tax.

22. The Policy, including comprehensive and collision coverage and the Payment of Loss section, are materially identical as to Plaintiff and all members of the Class, and apply equally to Plaintiff and all members of the Class.

23. There are numerous parties such that it would be impracticable to bring all the parties before the court. For example, upon information and belief and based on the premiums written in this state by Safeco and Safeco's loss ratio (percentage of premiums collected paid on claims), Plaintiff estimates there are thousands of members of the Class.

24. Additionally, there exists a question of common interest as to members of the Class – namely, whether sales tax should be paid as part of a payment of loss under the Policy.

25. Plaintiff's claims are typical of the claims of all other members of the Class because all such claims arise from the Defendant's failure to pay sales tax on total loss claims of insured vehicles.

26. This case is ideally suitable for class treatment because the common question (a) is a legal question of policy interpretation resolvable as a matter of law by this Court and (b) this Court's determination will resolve virtually the entirety of each member of the Classes' claims in one stroke. If this Court determines that a loss payment includes sales tax, then every member of the Class is entitled to payment of sales tax (less the amount, if any, previously paid).

27. Calculation of such damages will be a ministerial effort based on data and records in Defendant's possession and kept as a normal, business practice.

28. Moreover, it would be a significant waste of judicial and party resources to file thousands of individual lawsuits merely to resolve the exact same question of policy interpretation, and to do so would unnecessarily create the risk of inconsistent adjudications and conflict within and between the courts. It is far more efficient – and far more preferable – to resolve the centrally dispositive question of policy interpretation for thousands of Class Members in a single stroke.

29. Importantly, Plaintiff and the undersigned have no conflicts adverse to those of the Classes, and there are no other issues or facts that preclude class treatment or render it less than ideal for any reason.

30. If appointed Class representative, Plaintiff is aware of, and is committed to, faithfully upholding his fiduciary duties to absent Class members. Plaintiff and his counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the Class is fairly represented

## **COUNT I: BREACH OF CONTRACT**

31. Paragraphs 1 through 30 are hereby incorporated by reference.

32. This count is brought by Plaintiff David Biren individually and on behalf of the Class Members.

33. Plaintiff was party to an insurance contract with Safeco as set forth herein. All Class Members were parties to an insurance contract with Safeco containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

34. Plaintiff and all Class Members made a claim determined by Safeco to be a first-party loss under the insurance policy and determined by Safeco to be a covered claim.

35. Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

36. By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

37. As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the sales tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff David Biren, individually and on behalf of the Class Members, demand a trial by jury on all triable issues and seek relief and judgment as follows:

- For an Order certifying this action as a Class Action on behalf of the Class described above;

- For an award of compensatory damages for the Class in amounts owed under the Policies;

- For all other damages according to proof;

- For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

- For costs of suit incurred herein;

- For pre and post-judgment interest on any amounts awarded; and

- For injunctive and other further forms of relief as this Court deems just and proper.

Dated: December 16, 2020

                      Respectfully submitted,

                      */s/ Stuart E. Scott*
                      **SPANGENBERG SHIBLEY & LIBER LLP**
                      STUART E. SCOTT (0064834)
                      sscott@spanglaw.com
                      KEVIN C. HULICK (0093921)
                      khulick@spanglaw.com
                      1001 Lakeside Avenue East, Suite 1700
                      Cleveland, OH 44114

Telephone: (216) 696-3232
Facsimile: (216) 696-3924

**DAPEER LAW, P.A.**
Rachel Dapeer*
FBN: 108039
rachel@dapeer.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-610-5223

**NORMAND PLLC**
Edmund A. Normand*
FBN: 865590
Jacob L. Phillips*
FBN: 120130
ed@normandpllc.com
jacob.phillips@normandpllc.com
service@normandpllc.com
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Tel: 407.603.6031

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.*
FBN: 0100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180

**SHAMIS & GENTILE**
Andrew J. Shamis*
FBN: 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 1205
Miami, FL, 33132
305.479.2299

*Counsel for Plaintiffs*
*\*pro hac vice to be filed*